UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SYLVESTER H. CLAY, JR., | ) | |
| | ) | |
|     Movant, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-02015-AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent. | ) | |

### **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of movant Sylvester H. Clay, Jr. to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 1). The motion appears to be time-barred. Therefore, for the reasons discussed below, the Court will order movant to show cause why the motion should not be summarily denied and dismissed.

**Background**

On June 28, 2017, movant pleaded guilty to being a felon in possession of a firearm. *United States v. Clay*, No. 4:17-cr-38-AGF-1 (E.D. Mo.). He was sentenced on October 13, 2017 to 72 months' imprisonment. Movant did not file a direct appeal.

Movant filed the instant 28 U.S.C. § 2255 motion on July 5, 2019, by placing it in his institution's mail system.[1] He asserts that his 72-month sentence should be vacated and that he should be released from imprisonment based on the United States Supreme Court's decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). Specifically, he argues that the government did not

---

[1] Under the prison mailbox rule, a 28 U.S.C. § 2255 motion is deemed timely filed when an inmate deposits it in the prison mail system prior to the expiration of the filing deadline. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999).

show that he both possessed a firearm *and* knew he held the relevant status as a felon when he possessed it.

## Discussion

Movant is a pro se litigant who is currently incarcerated at the El Reno Federal Correctional Institution in El Reno, Oklahoma. He brings this motion pursuant to 28 U.S.C. § 2255, alleging that his sentence should be vacated pursuant to the Supreme Court's decision in *Rehaif v. United States*. For the reasons discussed below, the motion appears to be untimely, and movant will be directed to show cause why this action should not be denied and dismissed.

### A. Statute of Limitations

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. *Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019). The limitations period runs from the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In practice, however, the one-year statute of limitations "usually means that a prisoner must file a motion within one year of the date on which the judgment of conviction becomes final." *Mora-Higuera v. United States*, 914 F.3d 1152, 1154 (8th Cir. 2019).

### B. Timeliness Under 28 U.S.C. § 2255(f)(1)

Pursuant to 28 U.S.C. § 2255(f)(1), the one-year limitations period runs from "the date on which the judgment of conviction becomes final." An unappealed criminal judgment becomes final when the time for filing a direct appeal expires. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008); *and Never Misses A Shot v. United States*, 413 F.3d 781, 782 (8th Cir. 2005). In a criminal case, a defendant's notice of appeal must be filed in the district court within fourteen days. Fed. R. App. Proc. 4(b)(1).

Here, movant was sentenced on October 13, 2017. He had fourteen days to file an appeal, which he did not do. Thus, his judgment became final on October 27, 2017, at which point the statute of limitations began to run. From that point, movant had until October 29, 2018 in which to timely file his motion.[2] However, he did not file the instant motion until July 5, 2019, approximately eight months later. Therefore, his motion appears untimely under § 2255(f)(1).

### C. Timeliness Under 28 U.S.C. § 2255(f)(3)

Pursuant to 28 U.S.C. § 2255(f)(3), the one-year limitations period begins to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Movant asserts that his § 2255 motion is timely because it was filed within one year of *Rehaif v. United States*, 139 S.Ct. 2191 (2019), which was decided on June 21, 2019. However, it does not appear that *Rehaif* is applicable to movant's case.

---

[2] One year from October 27, 2017, is Saturday, October 27, 2018. When the last day of a period is a "Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). As such, the last day of movant's limitations period was Monday, October 29, 2018.

### i. *Rehaif v. United States*

In *Rehaif v. United States*, the Supreme Court determined that in a prosecution under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2), the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S.Ct. 2191, 2194 (2019). The petitioner in *Rehaif* was inside the United States on a nonimmigrant student visa. *Id*. He received poor grades and was dismissed by his university. *Id*. Upon dismissal, the university advised petitioner "that his immigration status would be terminated unless he transferred to a different university or left the country." *Id*. After the government learned that petitioner had gone to a firing range and shot two firearms, he was prosecuted for possessing firearms as an unlawful alien in the United States, in violation of § 922(g) and § 924(a)(2). *Id*.

Petitioner took his case to trial. *Id*. He was convicted by a jury and sentenced to 18 months' imprisonment. *Id*. Petitioner appealed, arguing that the judge erred by instructing the jury that it did not have to find that he knew he was in the country unlawfully. *Id*. at 2195. The United States Court of Appeals for the Eleventh Circuit affirmed petitioner's conviction, determining that the jury instruction was correct. *Id*. The Supreme Court reversed, concluding that "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id*. at 2200.

### ii. **Applicability of *Rehaif v. United States* to Movant's Case**

Like the petitioner in *Rehaif*, movant was sentenced under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2). Nevertheless, as explained below, the holding in *Rehaif* does not appear to act to extend the statute of limitations in movant's case.

First, there are important factual dissimilarities between *Rehaif* and movant's case. Rehaif was not a felon, but an immigrant who overstayed his visa. He pleaded not guilty and elected to

go to trial, where he was convicted by a jury. Movant, on the other hand, is a United States citizen. He pleaded guilty to being a felon in possession of a firearm. As part of that plea, movant signed a plea agreement in which he "admits to knowingly violating Title 18 United States Code, Section 922(g)(1)." Thus, the issue in *Rehaif* – that of the government's burden of proving that the defendant knows his status – is not relevant here. *See Taylor v. Huggins*, 2019 WL 6481799, at *4 (N.D. W. Va. 2019) (explaining that *Rehaif* did not apply to petitioner's motion because he "pleaded guilty to this charge in a plea agreement which set forth the elements of the offense"); *Moore v. United States*, 2019 WL 4394755, at *1 (W.D. Tenn. 2019) (explaining that unlike Rehaif, who went to trial, petitioner "pleaded guilty, waived his right to trial, and accepted responsibility for his actions"); *and United States v. Shobe*, 2019 WL 3029111, at *2 (N.D. Okla. 2019) (stating that *Rehaif* had "no effect on the validity of defendant's conviction under § 922(g), because there is no dispute that he knew he was a prohibited person who could not lawfully possess a firearm").

Second, in order to receive the benefit of the statute of limitations in 28 U.S.C. § 2255(f)(3), the Supreme Court must have recognized a new constitutional right. There is no indication in *Rehaif* that the Supreme Court did this. Rather, the Supreme Court engaged in statutory interpretation. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (explaining that *Rehaif* decision did not announce a new rule of constitutional law, but rather clarified that "in prosecuting an individual under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2)…the government must prove that the defendant knew he violated each of the material elements of § 922(g)"); *United States v. Class*, 930 F.3d 460, 469 (D.C. Cir. 2019) (stating that *Rehaif* resolved a matter of statutory construction, not the constitutional right to due process); and *Littlejohn v. United States*, 2019 WL

6208549, at *2 (W.D. N.C. 2019) (stating that "*Rehaif* did not announce a new rule of constitutional law but rather clarified the requirements of 18 U.S.C. § 922(g) and 924(a)(2)").

Finally, even if the Supreme Court did announce a new rule, movant has not demonstrated that the new rule has been made retroactively applicable to cases on collateral review. While not discussed in *Rehaif*, other courts addressing the issue have determined that *Rehaif* is not to be applied retroactively. *See Palacios*, 931 F.3d at 1315 (stating that even if *Rehaif* had announced a new rule of constitutional law, it was not made retroactively applicable to cases on collateral review by the Supreme Court"); *Shobe*, 2019 WL 3029111, at *2 (stating that *Rehaif* has not been made retroactively applicable to cases on collateral review); *Moore*, 2019 WL 4394755, at *2 (stating that the Supreme Court's decision in *Rehaif* "did not announce a new rule of constitutional law made retroactive to cases on collateral review"); and *Nixon v. United States*, 2019 WL 6498088, at *3 (N.D. Tex. 2019) (explaining that the Supreme Court in *Rehaif* did not announce a new rule made retroactive; rather, it merely interpreted 18 U.S.C. § 922(g) to require the government to show that the defendant knew he had the relevant status when he possessed a firearm).

For these reasons, it does not appear that *Rehaif* entitles movant to the one-year limitations period in 28 U.S.C. § 2255(f)(3).

### D. Order to Show Cause

As discussed above, movant's 28 U.S.C. § 2255 motion looks to be untimely. Under § 2255(f)(1), movant's one-year limitations period expired on October 29, 2018, approximately eight months before movant filed the instant motion. Meanwhile, the limitations period in § 2255(f)(3) does not seem to apply to movant, as his case is factually distinguishable from *Rehaif*, and because *Rehaif* did not announce a new rule of constitutional law made retroactively applicable

to cases on collateral review. Before dismissing a case for untimeliness, however, a court must accord the movant fair notice and an opportunity to present his position. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). Therefore, movant will be directed to show cause why his § 2255 motion should not be denied and dismissed as time-barred. Movant will be given **thirty (30) days** from the date of this order in which to submit a written response. Failure to respond will result in the dismissal of this motion without further proceedings.

    E. **Movant's Motion for Order to Show Cause**

Movant has filed a motion to show cause, requesting that the Court order the government to show cause why relief should not be granted. (Docket No. 2). The motion will be denied as the Court has not yet directed the government to file a written response. Moreover, movant is being directed to show cause why his § 2255 motion should not be dismissed as untimely.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to show cause (Docket No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that movant shall show cause, in writing and no later than **thirty (30) days** from the date of this order, why the instant § 2255 motion should not be denied and dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this order, his § 2255 motion will be dismissed without further proceedings.

Dated this 16th day of December, 2019

                                                            */s/ Audrey G. Fleissig*
                                                            AUDREY G. FLEISSIG
                                                            UNITED STATES DISTRICT JUDGE