UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SYLVESTER H. CLAY, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No.  4:19-cv-02015-AGF |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Sylvester H. Clay, Jr.'s motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  On June 28, 2017, Petitioner pled guilty to a one-count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2).  The Court accepted Petitioner's plea, and on October 13, 2017, sentenced Petitioner to 72 months' imprisonment and two years of supervised release.  *United States v. Clay*, Case No. 4:17-cr-00038-AGF, ECF No. 46 (Oct. 13, 2017).[1]  Petitioner did not file a direct appeal.

In his pro se motion under § 2255, Petitioner asserts that his sentence should be vacated and that he should be released from imprisonment based on the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).[2]

---

[1]  Filings in Petitioner's criminal case will be referenced hereafter as "Crim. ECF No."

[2]  Petitioner was released from prison on April 15, 2022, while his § 2255 motion

Specifically, he argues that the government did not show that he both possessed a firearm *and* knew he held the relevant status as a felon when he possessed it.  As the record before the Court conclusively demonstrates that Petitioner is not entitled to relief, the Court will deny Petitioner's motion without a hearing.

## BACKGROUND

As part of the Guilty Plea Agreement signed by both parties, Petitioner stipulated to the following facts.  On August 27, 2016, St. Louis Metropolitan Police officers observed a driver of a vehicle commit a traffic violation.  Officers attempted to perform a traffic stop, but the driver fled the scene at a high rate of speed.  Officers eventually observed the vehicle stopped in an alley and further observed a man exiting the driver's seat, removing a fully concealed silver handgun from his waistband, throwing the firearm into the rear yard of a residence, reentering the vehicle, and fleeing the scene.

The driver was later identified as Petitioner, and a search of the yard referenced above revealed a silver Beretta 9mm semiautomatic handgun, loaded with 15 rounds.

As noted above, Petitioner later pleaded guilty to a single count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. §

---

was pending.  *See Federal Bureau of Prisons, Find an inmate, Find By Number*, https://www.bop.gov/inmateloc/ (last accessed July 15, 2022, as to BOP Register Number 34145-044).  However, his petition is not moot because he challenges the validity of his conviction, which is presumed to have collateral consequences.  *See O'Neil v. United States*, 966 F.3d 764, 770 n.4 (8th Cir. 2020) (O'Neil's ineffective-assistance-of-counsel claims . . . turn on the validity of his conviction, not the validity of his sentence. Therefore, we presume that those claims bore collateral consequence and are not mooted by his release.").

2

924(a)(2).  In his guilty plea agreement, Petitioner acknowledged that the United States could prove all of the relevant facts of the crime, including that he had been convicted of a crime punishable by imprisonment for a term exceeding one year.  Petitioner further agreed to "waive all rights to appeal all nonjurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, and the guilty plea."  Crim. ECF No. 29 at ¶ 7(a)(1).  Similarly, Petitioner agreed to "waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to [§] 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel."  *Id.* at ¶ 7(b).

During the change-of-plea hearing, Petitioner confirmed under oath that he was satisfied with the representation he received from defense counsel, understood the consequences of pleading guilty, and had reviewed and understood the terms of the Agreement.  Crim. ECF No. 52, Plea Hr'g Tr., at 9-40.  Petitioner admitted that he was guilty of each of the elements for the crimes to which he was pleading guilty, including that he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year.  *Id.* at 35-39.  Petitioner also indicated that he understood he was waiving his right to post-conviction relief, except for claims of prosecutorial misconduct or ineffective assistance of counsel.  *Id.* at 32.

At the conclusion of the hearing, the Court found that Petitioner's plea of guilty was made "knowing, intelligently, and voluntarily," and that it had "a basis in fact that contain[ed] all of the elements of the offense contained in Count One of the indictment." *Id.* at 40.  Therefore, the Court accepted Petitioner's guilty plea.

Petitioner appeared before the Court for sentencing on October 13, 2017. Neither party asserted any factual or legal objection to the final Presentence Investigation Report ("PSR") issued by the probation office, and the Court adopted the findings of fact and legal conclusions contained therein. After hearing argument from counsel and allocution, the Court then sentenced Petitioner to 72 months' imprisonment, which was below the range recommended under the U.S. Sentencing Guidelines. As noted above, Petitioner did not appeal his conviction or sentence but, on July 5, 2019, filed the instant motion for post-conviction relief, asserting a single claim under *Rehaif*.

## **DISCUSSION**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

As noted above, Petitioner argues that his conviction cannot stand after the Supreme Court's decision in *Rehaif*, 139 S. Ct. 2191. When Petitioner pleaded guilty and was sentenced, the Eighth Circuit required proof of only three elements to support a conviction under § 922(g)(1): "(1) previous conviction of a crime punishable by a term of imprisonment exceeding one year, (2) knowing possession of a firearm, and (3) the firearm was in or affecting interstate commerce." *United States v. Montgomery*, 701 F.3d 1218, 1221 (8th Cir. 2012). But after Petitioner was sentenced, the Supreme Court held in *Rehaif* that § 922(g) additionally required proof that the defendant "knew he belonged

4

to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Construing his motion liberally, Petitioner argues that plea was not knowing and voluntary because he was not properly informed that the government was required to prove that he knew of his prohibited status.

Petitioner's claim has been waived, has been procedurally defaulted, and is without merit.[3]  It is well established a defendant may waive his § 2255 rights as part of a plea agreement, so long as the waiver is made knowingly and voluntarily, and its enforcement does not result in a "miscarriage of justice." *See DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000); *United States v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003).  Exceptions to waiver include the appeal of an illegal sentence, a sentence in violation of the terms of an agreement, or a claim asserting ineffective assistance of counsel. *Andis*, 333 F.3d at 890-92 (citing *DeRoo*, 223 F.3d at 923-24).  The Eighth Circuit has cautioned that "waivers are contractual agreements between a defendant and the Government and should not be easily voided by the courts." *Andis*, 333 F.3d at 891.

Further, the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley v. United States*, 523

---

[3] There is also an open question as to whether Petitioner's claim is timely in light of § 2255's one-year statute of limitations.  Petitioner asserts that his claim was timely filed under § 2255(f)(3), which provides that the one-year limitations period shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).  But neither the Supreme Court nor Eighth Circuit has determined that the rule announced in *Rehaif* has been made retroactively applicable to cases on collateral review.  Nevertheless, the Court need not resolve the issue now because Petitioner's claim fails on other grounds.

U.S. 614, 621 (1998).  There are two exceptions to this rule that apply when (1) there was cause for the habeas petitioner's procedural default and actual prejudice, and (2) the petitioner is "actually innocent of the crime for which he was convicted." *Jennings v. United States*, 696 F.3d 759, 764 (8th Cir. 2012).

"[A]ctual innocence" in this context "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623 (citation omitted).  Actual innocence claims require a movant to "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997) (citation omitted).  "This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a conviction." *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) (citation omitted).  "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Weeks*, 119 F.3d at 1351 (citation omitted).

To the extent that Petitioner attempts to argue actual innocence or a miscarriage of justice—points which are not at all clear from Petitioner's motion—such arguments would fail because Petitioner does not and could not credibly argue that he was unaware of his status as a convicted felon.  To the contrary, Petitioner admitted under oath that he had been convicted of at least one felony crime punishable by imprisonment for a term of more than one year.  Further, the uncontested criminal-history section of Petitioner's PSR shows that he was convicted of numerous felonies, including a prior federal conviction

6

for being a felon in possession of a firearm.  *See* Crim. ECF No. 36, PSR at 7-26.  With respect to the prior felon-in-possession conviction, he served more than four years' imprisonment and later served an additional nine months' imprisonment after his supervised release in that case was revoked.  *See id.* at 26.

In light of these facts, Petitioner cannot claim that he is actually innocent of being a felon in possession of a firearm in violation on of 18 U.S.C. § 922(g)(1).  There is simply "no doubt" that, after serving several years in prison, Petitioner was aware of his status as a person convicted of an offense punishable by more than a year in prison.  *See, e.g., United States v. Owens*, 966 F.3d 700, 707 (8th Cir. 2020) ("There would have been no doubt that Owens, after serving twenty-two years in prison for murder and other felonies, was aware of his status as a person convicted of an offense punishable by more than a year in prison."); *United States v. Welch*, 951 F.3d 901, 907 (8th Cir. 2020) ("Welch has received and served several prison sentences longer than one year for felony convictions.  It is not reasonably probable that, if the government had to prove Welch's knowledge of a previous conviction of [a felony] he would have been acquitted."); *United States v. Hollingshed*, 940 F.3d 410, 415-16 (8th Cir. 2019) (concluding that defendant knew he was a convicted felon at the time he unlawfully possessed a firearm because he stipulated at trial that he had previously been convicted of a crime, and he previously served four years in prison for a drug offense, in addition to a 15 month sentence after revocation of his supervised release).

As Petitioner has presented no evidence that he was unaware of his status as a convicted felon at the time he possessed the firearm, and the overwhelming evidence of

7

record in this case would patently belie any such assertion, Petitioner is not entitled to relief on his *Rehaif* claim.

It is not clear from Petitioner's motion whether he is also asserting ineffective assistance of counsel based on counsel's failure to make an argument based on Petitioner's knowledge of his prohibited status.  But any such claim would likewise be without merit.  *Rehaif* was not issued until well after Petitioner was sentenced, and counsel's failure "to anticipate a change in the law ... does not constitute ineffective assistance." *See Parker v. Bowersox*, 188 F.3d 923, 929 (8th Cir. 1999); *Toledo v. United States*, 581 F.3d 678, 681 (8th Cir. 2009) ("Counsel is not accountable for unknown future changes in the law.").  Before *Rehaif*, every court of appeals, that had considered the issue had concluded that knowledge of prohibited status was not required for a conviction under section 922(g).  *See Beck v. United States*, Case No. 1:20-CV-67 SNLJ, 2020 WL 5942578, at *15 (E.D. Mo. Oct. 7, 2020) (collecting cases).

For all of these reasons, the Court will deny Petitioner's motion.  Petitioner has not requested an evidentiary hearing, and no such hearing is warranted because the record conclusively demonstrates that Petitioner is not entitled to relief.  *See* 28 U.S.C. § 2255(b); *see also Guzman-Ortiz v. United States*, 849 F.3d 708, 715 (8th Cir. 2017).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Sylvester H. Clay, Jr.'s motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of

8

Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

      A separate Judgment shall accompany this Memorandum and Order.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of July, 2022.